UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREN H.,

                                      Plaintiff,

                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                      Defendant.

<u>DECISION AND ORDER</u>

20-CV-0335L

_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On September 11, 2016, plaintiff, then forty-nine years old, filed an application for a period of disability and disability insurance benefits, alleging disability beginning the same date, September 11, 2016. (Administrative Transcript, Dkt. #12 at 12). Her application was initially denied. Plaintiff requested a hearing, which was held August 8, 2018 via videoconference before Administrative Law Judge ("ALJ") Michael Carr. The ALJ issued an unfavorable decision on January 16, 2019. (Dkt. #12 at 12-29). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 3, 2020. (Dkt. #12 at 1-3). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for further proceedings (Dkt. #15), and the Commissioner has cross moved (Dkt. #18) for judgment on the pleadings, pursuant to Fed. R.

Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's health records, which include treatment for a history of lumbar spine disorder, status post surgery, cervical spine disorder, and right hand disorder, which the ALJ determined together comprised a severe impairment not meeting or equaling a listed impairment. (Dkt. #12 at 15). Although the record indicated that plaintiff had been diagnosed with severe bilateral carpal tunnel syndrome, post carpal tunnel release surgery and ganglion cyst removal, and had complained of left hand and wrist pain and weakness, the ALJ found plaintiff's carpal tunnel and left hand impairments to be non-severe.

The plaintiff's treatment records also referenced diagnoses of, and treatment for, attention deficit hyperactivity disorder ("ADHD"), anxiety, panic disorder, adjustment disorder with depression and anxiety, generalized anxiety disorder, and major depressive disorder. Applying the special technique, the ALJ found that plaintiff has a mild limitation in understanding, remembering and applying information, a mild limitation in social interaction, a mild limitation in concentration, persistence and pace, and a mild in adapting or managing herself. The ALJ thus concluded that plaintiff's mental illnesses were not "severe" impairments. (Dkt. #12 at 16-20).

Upon review of the record, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform light work, with the following limitations: can stand and/or walk for three hours in an eight-hour workday, can never climb ladders, ropes or scaffolds, and can no more than occasionally engage in other postural activities. Plaintiff can frequently handle and finger with her right upper extremity, and while remaining at the workstation, requires the option to alternate to a sitting position after an hour of standing or walking, or to alternate to standing for two minutes after every hour of sitting. (Dkt. #12 at 20).

When asked at the hearing whether a person with this RFC could perform plaintiff's past relevant work as a residential rehabilitation aide, vocational expert James L. Soldner testified that they could not, as that position was performed at the medium exertional level. When asked if there were other positions a person with this RFC could perform, Mr. Soldner identified the representative light, unskilled positions of cashier II, information clerk, and ticket taker. (Dkt. #12 at 27-28). The ALJ accordingly found plaintiff "not disabled."

### I.     The ALJ's Step Two Findings

Plaintiff argues that the ALJ erred at step two in declining to find that plaintiff's carpal tunnel syndrome, left hand/wrist pain, and mental health diagnoses, were severe impairments, and further erred in failing to determine the limitations on plaintiff's ability to perform work-related functions that those conditions imposed.

Notwithstanding the ordinary meaning of the word "severe," the second step's evidentiary requirement is *de minimis*, and is intended only to screen out the truly weakest of cases. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). Thus, a step two finding of "not severe" is only appropriate where "the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect'" on an individual's ability to perform basic work activities.

*Rosario v. Apfel*, 1999 U.S. Dist. LEXIS 5621 at *14 (E.D.N.Y. 1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987)). "Basic work activities" are the "abilities and aptitudes necessary to do most jobs," and they include physical, postural and sensory functions, as well as mental functions. 20 C.F.R. §§ 404.1521(b), 416.921(b).

Here, the ALJ noted that plaintiff had been diagnosed with severe bilateral carpal tunnel syndrome, but concluded that plaintiff's symptoms had resolved following carpal tunnel release surgery that was performed in July 2018, shortly before plaintiff's hearing on August 8, 2018. With respect to plaintiff's complaints of left wrist pain and weakness, the ALJ found that they caused only "minimal functional impairment," based on left wrist x-rays taken in May 2018 that showed "minimal degenerative changes." (Dkt. #12 at 15).

With regard to plaintiff's alleged left wrist impairment and carpal tunnel syndrome, I find that the ALJ's determination of non-severity was sufficiently supported. There was no appreciable evidence that plaintiff's carpal tunnel symptoms or left hand complaints caused greater than minimal limitations following her surgery, or for more than twelve months prior to surgery. To the extent plaintiff argues that the obtainment of additional post-surgical records might have reflected such limitations, plaintiff does not contend that any such records (or limitations) actually existed. Although the ALJ held the record open after plaintiff's hearing so that her counsel could submit additional post-surgical records if desired, none were produced.

Turning to plaintiff's diagnoses of ADHD, anxiety, depression, and adjustment disorder, the ALJ engaged in a discussion of over four pages in length which summarized plaintiff's mental health treatment records, and the opinions of treating psychiatrist Dr. Richard Bennett, consulting psychologist Dr. Gregory Fabiano, and state agency reviewing psychologist Dr. C. Walker. The ALJ ultimately assigned all of those opinions "little" weight, and in particular discounted their

unanimous findings of moderate to marked limitations in attention and concentration, and mild to moderate difficulties in social interaction, finding them "inconsistent" with objective findings noted in certain treatment records, which the ALJ characterized as grossly normal.

This was error. In finding that all of the psychological RFC opinions of record should be discounted due to an alleged inconsistency with portions of plaintiff's treatment records or examination findings, the ALJ glossed over other evidence that supported the medical opinions, such as treating psychiatrist Dr. Bennett's progress notes documenting plaintiff's distractibility and inability to handle stress (Dkt. #12 at 289, 404) and consulting psychologist Dr. Fabiano's observations of distractibility, dysthymic mood and tearful and depressed effect (Dkt. #12 at 427), and dismissed plaintiff's failure to successfully complete an objective test of attention and concentration. (Dkt. #12 at 17, 427-28). Because the ALJ's rejection of all of the medical opinions concerning plaintiff's nonexertional RFC relied on a cherry-picked reading of the record which substituted his layperson interpretation of treatment notes and objective findings for competent medical opinion, his finding that plaintiff's mental health impairments were non-severe was insufficiently supported.

An erroneous failure to find an impairment to be severe at step two may be harmless where the ALJ later considers the effects of that impairment in subsequent steps of his analysis. *See Reices-Colon v. Astrue*, 523 Fed. App'x 796, 798 (2d Cir. 2013). Here, however, the ALJ did not address or analyze plaintiff's mental impairments at any point in his RFC determination, nor did that determination include any limitations intended to account for any nonexertional limitations. A redetermination of plaintiff's mental impairments and their associated limitations has the potential to significantly alter the ALJ's RFC finding, and thus to alter the outcome of his disability determination. Remand is therefore required.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #15) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #18) is denied, and the matter is remanded for further proceedings. On remand, the ALJ is directed to engage in a new Step Two determination of plaintiff's severe impairments, and to reach a new disability determination which takes all of plaintiff's exertional and nonexertional limitations into account.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 10, 2021.